# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GREGORY STOUT, Individually and For Others Similarly Situated, | Case No. _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| PATRICK ENGINEERING, INC, | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Plaintiff Gregory Stout brings this lawsuit to recover unpaid overtime wages and other damages from Patrick Engineering, Inc. (Patrick Engineering) under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), *et. seq.*

2.      Stout worked for Patrick Engineering as a welding inspector.

3.      Stout and other similarly situated inspectors were allegedly paid a salary with no overtime compensation when working more than 40 hours a week.

4.      In addition to this salaried misclassification pay practice, Patrick Engineering pays its inspectors a daily per diem—Stout's per diem was $189.00. The per diem represents compensation that is primarily for the benefit and convenience of Patrick Engineering's inspectors. As a result, the FLSA requires that this type of compensation be included in the calculation of the regular rate of pay for overtime purposes. Because the per diem was not used in calculating the regular rate of pay for overtime purposes, Patrick Engineering's  inspectors were not properly compensated at a rate of one-and-one-half times their regular rate of pay—as defined by FLSA —for all hours worked in excess of forty hours in a single week.

5.     Patrick Engineering's pay practices violate the Fair Labor Standards Act (FLSA) because it paid non-exempt employees a salary with no overtime.

6.     Stout brings this lawsuit to recover the unpaid overtime and other damages Patrick Engineering owes to him and to the other inspector employees like him.

**JURISDICTION & VENUE**

7.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Patrick Engineering's headquarters and principal office are in this District and Division.

9.     Patrick Engineering maintains a corporate headquarters in Illinois.

**PARTIES**

10.     Stout was employed by Patrick Engineering as a welding inspector from April 2017 until April 2018.

11.     He regularly worked in excess of 40 hours a week without receiving overtime pay.

12.     His written consent is attached as Exhibit A.

13.     Stout brings this action on behalf of himself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Stout and is properly defined as:

> **All inspectors employed by Patrick Engineering, Inc. during the past 3 years.** (the "Putative Class Members").

14.     The members of the FLSA Class are easily ascertainable from Patrick Engineering's business and personnel records.

15.     A second class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

**All inspectors employed by Patrick Engineering, Inc. during the past 3 years who received a "per diem." (the Putative Class Members").**

16.     Patrick Engineering is covered by the FLSA and has been during the applicable statute of limitations. Patrick Engineering is therefore obligated to pay its non-exempt employees overtime wages under the FLSA.

17.     Defendant Patrick Engineering, Inc. is a corporation with its principal corporate office in Lisle, Illinois. Patrick Engineering, Inc. does business throughout the United States. Patrick Engineering may be served through its registered agent: Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, Illinois 62703 or wherever they may be found.

## COVERAGE UNDER THE FLSA

18.     At all relevant times, Patrick Engineering was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

19.     At all relevant times, Patrick Engineering was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

20.     At all relevant times, Patrick Engineering was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, equipment, walkie-talkies, and computers - that have been moved in or produced for commerce.

21.     At all relevant times, Patrick Engineering has had and has an annual gross volume of sales made or business done of not less than $1,000,000.00.

22.     At all times hereinafter mentioned, Stout and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

23.     Patrick Engineering "is a national engineering & design, construction, management services, and technology firm."[1] Patrick Engineering performs work in all 50 states with "clients in the rail/transit, highway, aviation, manufacturing, utility, renewable energy, education, and health care markets." *Id.* To complete their business objectives, Patrick Engineering employs inspector personnel (like Stout) to perform work for Patrick Engineering's engineering and construction throughout the country.

24.     Stout was a welding inspector.

25.     As an inspector, Stout's primary job duties included inspecting and documenting the welding that occurred on the jobsite, coordinating with supervisors for safety purposes, and reporting what occurred on the jobsite daily to Patrick Engineering and its clients' supervisors.

26.     Patrick Engineering's inspectors perform routine activities which are largely governed by standardized plans and checklists created by Patrick Engineering.

27.     Patrick Engineering's inspectors perform manual labor and work long hours in harsh conditions.

28.     Every element of an inspector's job was predetermined by Patrick Engineering, including the schedule of their work and related work duties.

29.     No advanced degree is required to become an inspector for Patrick Engineering. In fact, Patrick Engineering regularly hires inspectors who only have a high-school diploma.

30.     To the extent these inspectors make "decisions," the decisions do not require the exercise of independent discretion and judgment.

31.     Instead, Patrick Engineering's inspectors apply well-established procedures.

---

[1] https://www.patrickengineering.com/about-us (last visited May 5, 2020).

32.     When inspectors perform their work, they do so using established guidelines and predetermined parameters.

33.     Inspectors are not permitted to deviate from established guidelines and Parameters.

34.     Inspectors attended mandatory meetings and workshops which outlined their duties.

35.     With these job duties, inspectors are clearly **non-exempt** under the FLSA.

36.     All of Patrick Engineering's inspectors work long hours in excess of 40 hours a week.

37.     Inspectors were required to regularly work 10-12 or more hours in a day, and more than 80 hours in a week.

38.     Patrick Engineering does not pay its inspectors overtime for hours worked in excess of 40 in a workweek.

39.     Instead, Patrick Engineering pays inspectors base salary.

40.     Stout and the Putative Class Members worked for Patrick Engineering as inspectors over the past three years throughout the country.

41.     Stout worked for Patrick Engineering in Florida.

42.     As a result of Patrick Engineering's pay policies, Stout and the Putative Class Members were denied the overtime pay required by federal law.

43.     Patrick Engineering keeps accurate records of the hours, or at least days, its inspectors work.

44.     It also keeps accurate records of the amount of pay inspectors receive.

45.     Despite knowing the FLSA's requirements and that its inspectors regularly worked more than 40 hours in a workweek, Patrick Engineering does not pay them overtime.

46.     In addition to his hourly rate, Stout received a $189.00 per diem every day he worked.

47.     However, Patrick Engineering failed to include the per diem allowance in Stout's regular rate for the purpose of calculating overtime compensation.

48.     As such, Stout and the entire Putative Class Members were not properly compensated for all overtime worked at one-and-one-half times their regular rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

49.     Stout incorporates all previous paragraphs and alleges that the illegal pay practices Patrick Engineering imposed on Stout were likewise imposed on the Putative Class Members.

50.     In addition to Stout, Patrick Engineering employed other inspectors who worked over forty hours per week with no overtime pay, were paid a salary, and were improperly classified as exempt employees. These Putative Class Members performed the job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA.

51.     The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Stout and the Putative Class Members are similarly situated in all relevant respects.

52.     Patrick Engineering imposed a uniform practice or policy on Stout and the Class Members regardless of any individualized factors.

53.     Patrick Engineering's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

54.     Stout's experiences are typical of the experiences of all Putative Class Members.

55.     Stout has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Stout has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

56.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## FLSA VIOLATIONS

58.     Stout incorporates the preceding paragraphs by reference.

59.     As set forth herein, Patrick Engineering violated the FLSA by failing to pay Stout and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

60.     At all relevant times, Patrick Engineering has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

61.     Patrick Engineering employed Stout and each Putative Class Member.

62.     Patrick Engineering's pay policy denied Stout and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

63.     Patrick Engineering owes Stout and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

64.     Patrick Engineering knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.

65.     Patrick Engineering's failure to pay overtime to Stout and the Putative Class Members is willful.

66.     Due to Patrick Engineering's FLSA violation, Stout and the Putative Class Members are entitled to recover from Patrick Engineering their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

67. The improper pay practices at issue were part of a continuing course of conduct, entitling Stout and Putative Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

68. Stout demands a trial by jury.

## PRAYER

WHEREFORE, Stout prays for:

a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order finding Patrick Engineering liable for violation of state and federal wage laws with respect to Stout and all Putative Class Members covered by this case;

c. A judgment against Patrick Engineering awarding Stout and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

d. An order awarding attorney fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.


Respectfully submitted,

By: */s/ Douglas M. Werman*
    Douglas M. Werman
    Maureen A. Salas
    **WERMAN SALAS P.C.**
    77 W. Washington St., Suite 1402
    Chicago, IL 60602
    (312) 419-1008 - Telephone
    (312) 419-1025 - Facsimile
    dwerman@flsalaw.com
    msalas@flsalaw.com

    AND

    Michael A. Josephson
    Texas Bar No. 24014780
    Andrew W. Dunlap
    Texas Bar No. 24078444
    William R. Liles
    Texas Bar No. 24083395
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046

713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**